

## NUMBER 13-15-00103-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**CHARLES WAYNE COOPER,**                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                  **Appellee.**

---

### On appeal from the 36th District Court
### of Aransas County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Memorandum Opinion by Justice Benavides**

The State charged appellant Charles Wayne Cooper with assault family violence, a third-degree felony, but enhanced in this case to a second-degree felony by virtue of Cooper's status as a habitual offender, related to an incident that took place on October 24, 2010 in Aransas County. *See* TEX. PENAL CODE ANN. §§ 22.01, 12.42 (West,

Westlaw through 2015 R.S.).   On June 23, 2011, Cooper pleaded guilty as charged in the indictment.   The trial court sentenced him to eight years imprisonment in the Texas Department of Criminal Justice—Institutional Division (TDCJ-ID), but suspended the sentence for eight years with a fine of $1,500.00 and various conditions and placed Cooper on community supervision.

During the course of his community supervision, the State filed a total of three motions to revoke against Cooper.   On June 14, 2012, Cooper pleaded true to the allegations in the first motion to revoke and was continued on probation with a condition to attend the Substance Abuse Punishment Treatment Facility.   Cooper later also pleaded true to a second motion to revoke on April 3, 2014, and was continued on probation with additional conditions added.   The State filed the third motion to revoke, which is the subject of this appeal, on January 2, 2015.   In that motion, the State alleged Cooper violated several conditions of community supervision including that he: (1) committed criminal trespass at a location he knew his presence was forbidden from; (2) appeared in a public place under the influence of alcohol (public intoxication); (3) failed to successfully complete the Avalon Corpus Christi Residential Transitional Treatment Center program; and (4) withdrew himself from the Avalon Corpus Christi Residential Transitional Treatment Center without the consent of the trial court.   Cooper pleaded true to all of the violations and signed a stipulation to the evidence and a judicial confession on February 12, 2015.   He also agreed that the affidavit of the probation officer was true and correct and waived a pre-sentence investigation being conducted. As a result, the trial court found the grounds to revoke true, revoked Cooper's community supervision, and sentenced him to seven years imprisonment in the TDCJ-ID.   Cooper

was granted the limited right to appeal. Cooper's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I.    *ANDERS* BRIEF

Pursuant to *Anders v. California,* Cooper's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State,* 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State,* 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State* and *Kelly v. State*, Cooper's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014). Cooper's appellate counsel also notified this Court that he: (1) notified Cooper that he has filed an *Anders* brief and a motion to withdraw; (2) provided Cooper with copies of both pleadings; (3) informed Cooper of his rights to file a pro se response, review the record preparatory to filing that response,[1] and seek discretionary review if we conclude that the appeal is

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather the response should identify for the

frivolous; (4) provided Cooper with a copy of the appellate record; and (5) informed Cooper that the pro se response, if any, should identify for the Court those issues which he believes the Court should consider in deciding whether the case presents any meritorious issues. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. A reasonable amount of time has passed, and Cooper has not filed a pro se brief.[2]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature

---

court those issues which the indigent appellant believes the court should consider in deciding whether to case presents any meritorious issues." *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

[2] Cooper's pro se brief was due on September 14, 2015, thirty days after he received the appellate record. The district clerk's office provided this Court with documentation of the date Cooper received the record. As of October 13, 2015, no pro se response has been received by this Court.

of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, Cooper's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffrey v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Cooper and advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex Parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overrule by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and should comply with the requirements of the Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.

## IV. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
15th day of October, 2015.